# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT BRIMLEY, | : | |
| | : | |
| Defendant. | : | NO. CV205-134 |

## O R D E R

Plaintiffs, Elektra Entertainment Group Inc., UMG Recordings, Inc., Arista Records LLC, Priority Records LLC, and Sony BMG Music Entertainment, have filed this diversity action against Defendant, Robert Brimley, alleging copyright infringement pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq.. Presently before the Court is Plaintiffs' unopposed motion for summary judgment or, in the alternative, motion to reopen discovery and extend deadlines. Because the Court concludes that there are no genuine issues as to any material fact, Plaintiffs' motion will be **GRANTED**.

**BACKGROUND**

Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Plaintiffs filed this copyright infringement action on June 27, 2005, seeking to recover damages and injunctive relief arising from Defendant's alleged use of an online media distribution system to download copyrighted musical recordings and make those recordings available for distribution to other online users.

Defendant filed his Answer on July 15, 2005. After the parties held a Rule 26(f) conference on October 27, 2005, Plaintiffs submitted a unilateral Rule 26(f) Report because Defendant, proceeding pro se, indicated his intent to submit his own separate report. To date, Defendant has neither provided his initial disclosures nor filed a Rule 26(f) Report with the Court.

Defendant has also failed to respond to Plaintiffs' discovery requests. On January 17, 2006, Plaintiffs served their First Set of Interrogatories, First Set of Requests for Production, and First Request for Admissions. Plaintiffs requested two discovery extensions to allow Defendant more time to respond to their requests before filing a motion to compel discovery on April 20, 2006. In light of Defendant's pro se

AO 72A
(Rev. 8/82)

status, the Court directed Defendant to respond to the motion to compel within twenty (20) days of the Court's May 15, 2006, Order. When no response was filed, the Court granted Plaintiffs' motion as unopposed and directed Defendant to serve responses to Plaintiffs' discovery requests within ten (10) days of the Court's June 12, 2006, Order. Defendant has failed to serve Plaintiffs with any discovery responses.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Sanders v. Lull Intern., Inc., 411 F.3d 1266, 1269 (11th Cir. 2005) (quoting Burton v. City of Belle Glade, 178 F.3d 1175, 1186-87 (11th Cir. 1999)). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir.

AO 72A
(Rev. 8/82)

1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

Summary judgment must be granted if the nonmoving party has failed to make a sufficient showing on an "an essential element of [its] case with respect to which [it] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

AO 72A
(Rev. 8/82)

## II. Copyright Infringement

As an initial matter, Defendant's response to Plaintiffs' motion for summary judgment was due no later than July 3, 2006.[1] To date, however, Defendant has failed to file any response with the Court. Because Defendant has not responded to Plaintiffs' motion for summary judgment, the Court finds that it is appropriate to deem Plaintiffs' motion unopposed. See Local Rule 7.5.

The district court, however, "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004) (citing Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir. 1988) (per curiam)). Thus, the Court must review all the evidentiary materials Plaintiffs submitted in support of summary judgment to ensure the motion is supported.

The essential elements of a copyright infringement claim under the Copyright Act are (a) plaintiff's ownership of a

---

[1] By order dated June 12, 2006, the Court granted Plaintiffs' request to amend its motion for summary judgment, thus extending the deadline for response from June 14, 2006, to July 3, 2006. (See Doc. No. 25.)

5

AO 72A
(Rev. 8/82)

valid copyright and (b) defendant's unauthorized copying of constituent elements of the work that are original. <u>Calhoun v. Lillenas Publ'g</u>, 298 F.3d 1228, 1232 (11th Cir. 2002), <u>cert. denied</u>, 539 U.S. 903, 123 S.Ct. 2251, 156 L.Ed.2d 111 (2003); <u>Leigh v. Warner Bros., Inc.</u>, 212 F.3d 1210, 1214 (11th Cir. 2000).

The evidence of record demonstrates that Plaintiffs are the owners of the six copyrighted sound recordings listed in Exhibit A of the Complaint. In addition to the declarations offered by Plaintiffs, (<u>see</u> Palerm Decl.; Bauman Decl.; McMullan Decl.; Pariser Decl.), Defendant, by his deemed admissions[2], has admitted that Plaintiffs are the owners or licensees of valid copyrights to the sound recordings at issue. (<u>See</u> Pls.' First Am. Statement of Material Facts ¶ 1.)

Further, the evidence of record demonstrates that Defendant reproduced and distributed Plaintiffs' copyrighted sound recordings. Defendant's deemed admissions establish that he downloaded Plaintiffs' sound recordings via an online media distribution system and distributed the copyrighted recordings to others by placing them in his share folder and making the

---

[2]   Pursuant to Local Rule 56.1, all material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party.

AO 72A
(Rev. 8/82)

recordings available to others on the peer-to-peer network. (See Pls.' First Am. Statement of Material Facts ¶ 3-4.) It is clear that use of a peer-to-peer media distribution system to share music files infringes copyright. See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 125 S.Ct. 2764, 2782, 162 L.Ed.2d 781 (2005); BMG Music v. Gonzalez, 430 F.3d 888, 889 (7th Cir. 2005), cert. denied, 126 S.Ct. 2032, 164 L.Ed.2d 782 (2006).

Defendant contends he "had no knowledge of the infringement and upon gain[sic] knowledge with in[sic] a 24-hour period access[ed] [] online media [distribution system and] [w]here material was posted un enrolled[sic][.]" (Ans. at 1-2.). Knowledge of the infringement, however, is not an element of copyright infringement. See Calhoun, 298 F.3d at 1232. Further, withdrawal from the online media distribution system does not diminish the previous conduct of the infringer. See BMG Music, 430 F.3d at 889 ("A private party's discontinuation of unlawful conduct does not make the dispute moot."). The Court concludes there is no evidence in the record from which a reasonable trier of fact can infer that Defendant did not copy and distribute Plaintiffs' copyrighted recordings.

## IV. Remedies

Plaintiffs seek, as a sum certain, $4,500 statutory damages,[3] $250 litigation costs, and a permanent injunction against Defendant's continued illegal copying and distribution of Plaintiffs' copyrighted sound recordings. All such relief is expressly prescribed by statute. 17 U.S.C. § 504(c)(1) ("the copyright owner may elect . . . to recover . . . statutory damages . . . with respect to any one work . . . for which any one infringer is liable individually . . . in a sum of not less than $750 or more than $30,000"); 17 U.S.C. §§ 505 ("the court in its discretion may allow the recovery of full costs by or against any party"); 17 U.S.C. § 502(a) ("Any court . . . may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright.").

Under the Copyright Act, a plaintiff need not show irreparable harm in order to obtain a permanent injunction, so long as there is past infringement and a likelihood of future infringement. CBS Broad., Inc. v. EchoStar Communications Corp., 450 F.3d 505, 517 n.25 (11th Cir.), reh'g and reh'g en banc denied, -- F.3d -- (Jul 19, 2006) (citing Pac. & S. Co.

---

[3] $750 for each of the six sound recordings listed in Exhibit A of the Complaint.

v. Duncan, 744 F.2d 1490, 1499 (11th Cir. 1984)). Section 502(a) of the Copyright Act specifically authorizes the court to grant injunctive relief on such terms as it may deem reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a).

Plaintiffs allege that Defendant's conduct is causing irreparable injury that cannot be fully compensated or measured monetarily, and that they will continue to suffer such injury unless the Court enjoins Defendant from continuing to infringe Plaintiffs' copyrights. Copyright infringement is presumed to give rise to irreparable injury. See Ga. Television Co. v. TV News Clips, Inc., 718 F. Supp. 939, 948 (N.D. Ga. 1989). Thus, when seeking a permanent injunction in copyright cases, irreparable harm is presumed on a showing of success on the merits. Sony Music Entertainment, Inc. v. Global Arts Prods., 45 F.Supp.2d 1345, 1347 (S.D. Fla. 1999). Consequently, Plaintiffs in this case need not show irreparable harm, as the Court's conclusion that Plaintiffs are entitled to summary judgment satisfies the element of success on the merits.

The Court finds that the broad injunctive relief requested is appropriate. As demonstrated by Exhibit B of the Complaint, Defendant's infringement went well beyond the six

representative examples for which Plaintiffs seek recovery. Damages cannot begin to compensate Plaintiffs adequately for the harm caused by the widespread problem of digital piracy over the Internet. The creation of online media distribution systems, like the one used by Defendant, has left Plaintiffs' sound recordings vulnerable to massive worldwide infringement by potentially tens of millions of users. Such widespread infringement, left unchecked, will undoubtably result in recording companies' sustaining devastating financial losses. In light of Defendant's failure to participate fully in this litigation, court order may be the only means by which to ensure Defendant does not continue to infringe Plaintiffs' rights in sound recordings.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above, Plaintiffs' summary judgment motion (Doc. No. 20) is **GRANTED**.

Plaintiff is hereby awarded $4,500 statutory damages and $250 in litigation costs. The Clerk is directed to enter judgment in Plaintiffs' favor in the amount of Four Thousand Seven Hundred Fifty ($4,750) Dollars.

AO 72A
(Rev. 8/82)

Defendant shall be and hereby is **ENJOINED** from directly or indirectly infringing upon Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

**SO ORDERED**, this ____15____ day of August, 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT

AO 72A
(Rev. 8/82)